# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 18 2018, 9:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Bruce D. Jones
Keith A. Gaston
Cruser Mitchell Novitz Sanchez Gaston
& Zimet, LP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Timothy S. Schafer
Timothy S. Schafer II
Todd S. Schafer
Schafer & Schafer, LLP
Merrillville, Indiana

Gregory W. Brown
Brown & Brown, P.C.
Merrillville, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

J.B. Hunt Transport, Inc., and Terry L. Brown, Jr.,

*Appellants-Defendants,*

v.

The Guardianship of Kristen Zak,

*Appellee-Plaintiff.*

July 18, 2018

Court of Appeals Case No.
45A03-1710-CT-2429

Appeal from the Lake Superior Court

The Honorable Diane Kavadias Schneider, Judge

Trial Court Cause No.
45D11-0610-CT-190

**Friedlander, Senior Judge.**

[1] J.B. Hunt Transport, Inc. and Terry L. Brown, Jr. (collectively, "the Appellants") appeal the trial court's order awarding the Guardianship of Kristen Zak ("the Guardianship") $4,810,000 in prejudgment interest. We affirm.

[2] On January 17, 2006, Zak was seriously injured when the car in which she was a passenger struck a semi tractor-trailer that had been wrecked approximately one hour earlier by Brown, a driver employed by Hunt. *J.B. Hunt Transp., Inc. v. Guardianship of Zak*, 58 N.E.3d 956 (Ind. Ct. App. 2016), *trans. denied*. On October 26, 2006, the Guardianship filed a complaint against the Appellants, alleging that they were negligent and that their negligence caused Zak's injuries. *Id.* The matter proceeded to a jury trial, after which the jury returned a verdict in favor of the Guardianship and awarded the Guardianship $32,500,000 in damages.[1] *Id.* We subsequently affirmed the jury's verdict. *Id.* The matter returned to the trial court, after which the trial court awarded the Guardianship $4,810,000 in prejudgment interest.

[3] On appeal, the Appellants contend that the trial court abused its discretion in awarding the Guardianship prejudgment interest. Specifically, the Appellants argue that the trial court abused its discretion because (1) the Guardianship failed to satisfy the requirements of the Tort Prejudgment Interest Statute

---

[1] Approximately $19,500,000 of the award was allocated to the Appellants.

("TPIS") and (2) the Guardianship's request for prejudgment interest was untimely.

[4] Prejudgment interest represents an element of complete compensation. *Johnson v. Eldridge*, 799 N.E.2d 29 (Ind. Ct. App. 2003), *trans. denied*. As such, it "is not simply an award of interest on a judgment, but rather is recoverable as additional damages to accomplish full compensation." *Id.* at 32 (internal quotation omitted). The TPIS "permits a trial court to award prejudgment interest to the party that prevails at trial, so long as that party has made a timely offer of settlement according to terms specified in the statute." *Id.*

> We evaluate the award of prejudgment interest under an abuse of discretion standard. The decision to award prejudgment interest rests on a factual determination, and this court may only consider the evidence most favorable to the judgment. An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law.

*Id.* at 33 (internal citations omitted).

[5] The TPIS provides that a party is not entitled to prejudgment interest if:

> (1) within one (1) year after a claim is filed in the court, *or any longer period determined by the court to be necessary upon a showing of good cause*, the party who filed the claim fails to make a written offer of settlement to the party or parties against whom the claim is filed;
> (2) the terms of the offer fail to provide for payment of the settlement offer within sixty (60) days after the offer is accepted; or

> (3) the amount of the offer exceeds one and one-third (1⅓) of the amount of the judgment awarded.

Ind. Code § 34-51-4-6 (1998) (emphasis added). "If the court awards prejudgment interest, the court shall determine the period during which prejudgment interest accrues. However, the period may not exceed forty-eight (48) months." Ind. Code § 34-51-4-8(a) (1998). Prejudgment interest begins to accrue on the latest of either (1) fifteen months after the cause of action accrued or (2) six months after the claim is filed in the court. *Id.*

## 1. Whether the Guardianship Satisfied the Requirements of the TPIS

[6] The Appellants argue that the trial court abused its discretion in awarding prejudgment interest to the Guardianship because the Guardianship failed to satisfy the requirements of the TPIS.

### A. Settlement Offer

[7] The Appellants claim that the Guardianship should not have been awarded prejudgment interest because it failed to establish that there was good cause for its failure to make a settlement offer within one year of initiating suit. The record reveals that the Guardianship's delay can, at least in part, be attributed to the actions of the Appellants. The Appellants withheld certain critical

documents relating to the Appellants' fault during the discovery phase.[2] In fact, the Appellants did not provide the Guardianship with some of these critical documents until being ordered to do so by the trial court. Prior to receiving these documents, the Guardianship lacked the ability to accurately assess the merits of its case.[3] The record further reveals that the Guardianship made a settlement offer six days after receiving the last of the critical documents. The trial court, being in the best position to gauge the importance of the critical documents to the case, found that the Guardianship made its settlement offer within a reasonable time after receiving the last of the documents. The Indiana Supreme Court has held:

> [t]he TPIS is not intended to serve as a trap for the unwary. It is designed to put the adverse party on notice of a claim and provide them with an opportunity to engage in meaningful settlement and if they do not do so, they run the risk of incurring the additional obligation of prejudgment interest.

*Wisner v. Laney*, 984 N.E.2d 1201, 1212 (Ind. 2012). The trial court acted within its discretion in determining that the Guardianship established that there was good cause for its delay in tendering its settlement offer.

---

[2] These documents included the Safety Event Review completed in connection to the initial accident, J.B. Hunt's Driver's Manual which outlined the steps that should have been taken if a driver was involved in an accident, the accident kit prepared in connection to the accident, and three event logs relating to the accident.

[3] This seems especially true given that both Zak and the driver of the vehicle in which she was a passenger suffered significant head injuries in the crash and neither has any memory of the crash.

## B. The Sixty-Day Settlement Requirement

The Appellants also claim that the Guardianship "violated the TPIS by failing to allow [them] 60 days to pay the demand."[4] Appellants' Br. p. 17. In *Cahoon v. Cummings*, 734 N.E.2d 535, 547 (Ind. 2000), the Indiana Supreme Court held that "[t]he whole point of [Indiana Code section 34-51-4-6] is to address the cost of delay in payment" and "an offer to settle 'now' is an offer to settle by payment within sixty days." In *Wisner*, the Indiana Supreme Court held that an "offer to solve this matter at this time" was sufficient to satisfy Indiana Code section 34-51-4-6 as "[t]he key is to include the time-limiting language in the offer." 984 N.E.2d at 1211. The settlement offer at issue in this case was sent to the Appellants on January 25, 2011. It indicated that the offer would "stay open only until the pre-trial conference set for February 3, 2011." Appellants' App. Vol. 3, p. 138. Consistent with the Indiana Supreme Court's decisions in *Cahoon* and *Wisner*, we conclude that because the settlement offer included time-limiting language, the trial court acted within its discretion in determining that the offer satisfied Indiana Code section 34-51-4-6.

---

[4] We note that while the Appellants seem to argue that the statute indicates that the Guardianship should have granted them at least sixty days to accept and satisfy the tendered settlement offer, Indiana Code section 34-51-4-6 actually provides that the tendered settlement offer must make it clear that such acceptance and payment must be made within sixty days.

## 2. Whether the Guardianship's Request for Prejudgment Interest was Untimely

[9] The Appellants also argue that trial court abused its discretion in awarding prejudgment interest because the Guardianship failed to make a timely request. In support, the Appellants cite to case law from jurisdictions outside Indiana and point to the fact that the Guardianship did not make a request for prejudgment interest until ten months after the final judgment was entered. The Appellants' reliance on the opinions of courts from jurisdictions other than Indiana is misplaced, however, as these opinions are not binding upon this court. Further, the Indiana Supreme Court has held that "the comprehensive nature of the TPIS" clearly indicates "that the legislature intended the statute to be the exclusive source governing the award of prejudgment interest in cases falling within its ambit" and, as a result, the TPIS "abrogates and supplants" the common law prejudgment interest rules. *Kosarko v. Padula*, 979 N.E.2d 144, 149, 147-48 (Ind. 2012). While the TPIS sets forth the requirements to ensure that a party qualifies for prejudgment interest, it does not contain the requirement that a request for prejudgment interest be filed prior to judgment being entered.

[10] Further, even though a delay of ten months before making the request for prejudgment interest might be unreasonable in some cases, it does not seem unreasonable in this case. Review of the record indicates that the Appellants were not harmed as result of the Guardianship's delay. Although the trial court had entered its judgment, the litigation was ongoing as the Appellants appealed

the jury's verdict and the trial court made it clear that it would not rule on any additional motions or requests filed by the parties until after the Appellants' appeal was resolved. As such, given that the relevant statutory authority does not provide a time limit for filing a request for prejudgment interest together with the facts and circumstances of this case, we cannot say that the trial court abused its discretion in awarding prejudgment interest to the Guardianship.

[11] Judgment affirmed.

Pyle, J., and Barnes, Sr. J., concur.